UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEVEN JENSEN,

    *Plaintiff,*                  CASE NO: 23-CV-10607

                                 DISTRICT JUDGE THOMAS L. LUDINGTON
v.                             MAGISTRATE JUDGE PATRICIA T. MORRIS

McLAREN BAY REGION,
NORMAN A. CHAPIN, *M.D.*,
and DONNA WILSON,

    *Defendants.*
_____/

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION TO REMAND
(ECF No. 10)**

**I. RECOMMENDATION**

For the reasons stated below, I recommend that Plaintiff's motion to remand (ECF No. 10) be **GRANTED** and that the case be **REMANDED** to the Bay Count Circuit Court.

**II. REPORT**

    **A. Background**

This case was removed from the Bay County Circuit Court in Bay City, Michigan, to the instant United States District Court on March 15, 2023. (ECF No. 1.) The alleged basis for removal was federal question jurisdiction under 28 U.S.C. §§ 1331, 1441, citing the Health Care Quality Improvement Act of 1986 ("HCQIA"), 42 U.S.C. § 11111.

Defendants note that Plaintiff's "two claims (Count I – Defamation; Count II – Civil Conspiracy) [] revolve entirely around Defendants' peer-review process and safety concerns raised during Defendant McLaren Bay Region's peer review process." (ECF No. 1, PageID.4.) Defendants state that the HCQIA "provides immunity against damages for claims relating to or resulting from the protected per review process" and that "Plaintiff is not entitled to any damages because his claims derive entirely from or concern the protected peer review process under the HCQIA." (ECF No. 1, PageID.4.)

For the reasons stated below, the Court finds that the case was improvidently removed.

### B. Removal Standards and Analysis

Federal courts are under an independent obligation to examine their own jurisdiction. *U.S. v. Hays,* 515 U.S. 737, 742 (1995). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). In the instant case, the Court's analysis is being prompted by Plaintiff's motion to remand (ECF No. 10.)

The removal statute, 28 U.S.C. § 1441, allows state court defendants to remove "any civil *action*" to a federal district court that has "original jurisdiction" to hear that "*action*." It is well established that the statute thus permits removal only when the district court can exercise original jurisdiction over the precise action in state court. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the

defendant."); *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996) (same). Only two bases of original jurisdiction exist, either federal question jurisdiction or diversity jurisdiction. The first provides district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The second, under 28 U.S.C. § 1332, creates diversity jurisdiction where the matter is between citizens of different states and the amount in controversy exceeds $75,000. If the Court lacks subject matter jurisdiction over a case removed to it, "the case shall be remanded" and the "State court may thereupon proceed with such case." 28 U.S.C. § 1447(c).

This statutory structure necessarily precludes defendants from removing the case to federal court on any other jurisdictional ground. Supplemental jurisdiction under 28 U.S.C. § 1367 is one such prohibited basis. It is premised on the district courts' already having "original jurisdiction" over an action, and merely allows the courts to hear "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* § 1367(a). Courts exercise this jurisdiction where the "state and federal claims . . . derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Whatever the claims' relationship, the statute clearly is not a grant of original jurisdiction. *Ahearn*, 100 F.3d at 456.

Accordingly, courts have long held that they will not allow removal where the only basis for jurisdiction over the state action is supplemental jurisdiction; this holds even if the court could exercise supplemental jurisdiction over that action had it been first

filed in federal court. *See, e.g.*, *Ahern*, 100 F.3d at 456 (collecting cases and holding, "a removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute . . . even if the action which a defendants seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction"); *Wrobbel v. Asplundh ConstructionCorp.*, 549 F. Supp. 2d 868, 876-77 (E.D. Mich. 2008) (same); *Port Authority of N.Y. & N.J. v. Allianz Ins. Co.*, 443 F. Supp. 2d 548, 555 (S.D. N.Y. 2006) (same); *McClelland v. Longhitano*, 140 F. Supp. 2d 201, 203 (N.D. N.Y. 2001) (same); *Sebring Homes Corp. v. T.R. Arnold & Assocs., Inc.*, 927 F. Supp. 1098, 1101 (N.D. Ind. 1995) (same); *see also* 14B Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3721 (4th ed. 2009) ("This requirement that all of the conditions for original jurisdiction must be satisfied [before removal is allowed] has been enforced in innumerable cases, decided by courts at all levels of the federal judiciary.").

The party seeking to remove an action to federal court has the burden of establishing that the district court has original jurisdiction. *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). Removal statutes should be narrowly construed because federal courts have limited jurisdiction and because removal of a case raises significant federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 555 (6th Cir. 2005). The Sixth Circuit follows a policy that "all doubts as to the propriety of removal are resolved in favor of remand." *Jacada*

*(Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005) (quoting *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)).

Cases "aris[e] under" federal law, providing federal question jurisdiction, in two ways. *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013). First, a federal law can create the plaintiff's cause of action. *Id.* Thus, in *American Well Works Co. v. Layne & Bowler Co.*, Oliver Wendell Holmes, Jr. wrote, "A suit arises under the law that creates the cause of action." 241 U.S. 257, 260 (1916). The readily apparent origin of the claim, state or federal, decides jurisdiction. Second, the Supreme Court has established that, in a narrow class of cases, federal jurisdiction exists where an important federal issue lies entangled at the heart of a state claim. *Gunn*, 133 S.Ct. at 1064-65. The first path is by far the more common.

The basic rule guiding the analysis along both paths, called the well-pleaded complaint rule, determines the issue based on the plaintiff's complaint. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). *See also Gentek Bldg. Prod., Inc. v. Steel Peel Litig. Trust*, 491 F.3d 320, 325 (6th Cir. 2007). That is, "[i]f the complaint relies only on state law, the district court generally lacks subject-matter jurisdiction, and the action is not removable. This makes the plaintiff the master of the complaint; the plaintiff may simply avoid federal jurisdiction by relying exclusively on state law." *Gentek*, 491 F.3d at 325 (citations omitted). Generally, a state law claim cannot be recharacterized as a federal claim for the purpose of removal. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 515 (6th Cir. 2003). Similarly, a case may not be removed to federal court on the basis of a federal defense, even when both parties

concede that the federal defense is the only real question at issue. *Caterpillar*, 482 U.S. at 393. A defendant has no inherent right to a federal forum for adjudication of federal rights absent exclusive federal jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 10.

Fixing the scope of the second path has proven vexing. State and federal legal issues often intertwine, obscuring the disputed law at stake in the plaintiff's complaint. Holmes proposed in vain his simple and clear rule from *American Well Works* as the solution for this issue. *See Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 214 (1921) (Holmes, J., dissenting) ("But it seems to me that a suit cannot be said to arise under any other law than that which creates the cause of action. . . . [F]or it is the suit, not a question in the suit, that must arise under the law of the United States."). The operative holding in *Smith*, however, was only slightly broader, allowing jurisdiction where it "appears from the [complaint] that the right to relief depends upon the construction or application of the Constitution or laws of the United States . . . ." *Id.* at 199 (majority opinion).

Subsequent cases tinkered with the bounds of that rule, "trimming" it and "shying away from the expansive view that the mere need to apply federal law in a state-law claim will suffice to open the 'arising under' door." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005). In what the Sixth Circuit has characterized as an exception to the well-pleaded complaint rule, *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007), the Supreme Court developed the substantial-federal-question doctrine to answer when a case satisfies the second branch to "arising under" jurisdiction. *Gunn*, 133 S.Ct. at 1065 (citing *Grable*, 545 U.S. at 314).

The current test finds "jurisdiction over a state law claim . . . if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.*

The doctrine hews closely to the well-pleaded complaint rule, and does not jettison the requirement that no matter how substantial the federal question, it must still appear in the elements of the plaintiff's claim. *See Dillon v. Medtronic, Inc.*, 992 F. Supp. 2d 751, 756-57 (E.D. Ky. 2014). As the rule states, it is the plaintiff's claim that must "necessary raise[]" the federal issue. For example, the state-law claim may contain an element requiring the plaintiff to prove the defendant violated a federal statute, *see Merrell Dow Pharm., Inc., v. Thompson*, 478 U.S. 804, 817 (1986), or the complaint may reference a violation of public policy based on federal law, *see Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 553 (6th Cir. 2006). At base, "the disputed question of federal law" must be "a necessary element of one of the well-pleaded state claims . . . ." *Franchise Tax Bd.*, 463 U.S. at 13; *see also Jenkins*, 984 F. Supp. at 879-80 (holding that the plaintiffs' state-law claims raised a federal issue because the success of those claims necessarily raised and turned on whether the defendants violated federal statutory requirements). In other words, the federal issue must be wrapped up in the complaint; it is not enough that the plaintiff might ultimately lose based on a federal defense.

In the instant case, it is undisputed that Plaintiff's complaint raises two state law claims: (1) defamation and (2) civil conspiracy. (ECF No. 1, No. 10, PageID.88, No. 14, PageID.133). Therefore, the only basis for Defendants' removal based on federal jurisdiction is that the HCQIA provides an affirmative defense of immunity from damages.

(ECF No. 1.) However, "a defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 807 (1986).

Defendant seeks to circumnavigate the general rule by arguing that the HCQIA provides a complete immunity from damages and Defendant zealously argues the merits of their defense. (ECF No. 14.) Plaintiff refocuses the debate from the merits of the proposed defense provided by the HCQIA to the question of federal question jurisdiction based on the defense. (ECF No. 15.) I suggest Plaintiff's focus is the more salient one.

The HCQIA creates a presumptive statutory immunity from damages for those performing a professional peer review. 42 U.S.C. § 11111-11112. Thus, if Defendants followed the standards established in the HCQIA for performing a peer review of Plaintiff, they may be immune from damages.

Even assuming Defendants are not only entitled to raise the defense provided by the HCQIA but also assuming they would be entitled to its immunity, neither of those interesting legal conclusions bear upon this Court's jurisdiction over those legal questions. I note that "courts have repeatedly held that the HCQIA does not establish a private right of action[.]" *Logan v. HCA, Inc.*, 2005 WL 3240624, at *5 (M.D. Tenn. Nov. 30, 2005)(citing cases).

In order for this Court to have jurisdiction over Plaintiff's claims and concomitantly over defenses raised to those claims, the Court must be assured of its jurisdiction to decide such matters. Here, the complaint raises only state law claims, so the narrow question is whether defendants' intent to rely on the defense provided by the HCQIA provides this Court with federal question jurisdiction. I suggest that it does not.

"While it is true that the HCQIA might be involved in the final determination of this case, it will be so only because defendants have raised the immunity defense as an affirmative defense to their liability. But as it is well known, federal jurisdiction cannot be predicated on an actual or anticipated defense." *Garib-Bazain v. Hospital Espanol Auxilio Mutuo, Inc.*, 773 F. Supp. 2d 248, 254 (D. Puerto Rico Mar. 25, 2011); see also, *Abu-Hatab v. Blount Memorial Hosp., Inc.*, 2009 WL 921126, at *6 (E.D. Tenn. Apr. 2, 2009)(declining to exercise supplemental jurisdiction over state law claims after dismissing federal claims and stating "[w]hile the Court acknowledges that [defendant doctors] may pursue immunity under HCQIA as a defense to a number of these claims, federal jurisdiction cannot be predicated on an actual or anticipated defense.")

A potential exception may exist in situations where a "plaintiff must invoke the HCQIA in order to establish an element of one of its causes of action" but where, as here, "interpretation of the HCQIA is not needed to establish any of these elements" of Plaintiff's claims, the "HCQIA will only play a role in this case as a defense" and will not provide federal question jurisdiction. *Garib-Bazain*, 773 F.Supp. 2d at 254-55. Neither of Plaintiff's claims in the instant case, defamation or civil conspiracy, require interpretation of the HCQIA to establish the elements of the offenses. (ECF No. 10, PageID.88)(citing elements of claims). The only relevance the HCQIA has to the instant case is as an affirmative defense. Therefore, this Court lacks federal question jurisdiction and the case should be remanded to the Bay County Circuit Court. *Id*, see also, *Ownby v. Univ. of Alabama Health Servs. Foundation, Inc.*, 331 F. Supp. 3d 1320 (E.D. Tex. 2018); *Gaskill*

*v. VHS San Antonio Partners, LLC*, 970 F. Supp. 2d 609 (Sept. 6, 2013); *Shah v. Palmetto Health Alliance*, 2006 WL 3230755 (D.S.C. Nov. 6, 2006).

## III. CONCLUSION

For the reasons above, I recommend that Plaintiff's motion to remand (ECF No. 10) be granted and that the case be remanded to the Bay County Circuit Court.

## IV. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant

to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 25, 2023

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge